KING, Judge,
dissenting.
I respectfully dissent.
The majority finds that the appeal does not raise as an issue any question of the plaintiff’s failure to prove a prima facie case. I disagree.
*285 The defendant timely moved for a new trial and/or to have the default judgment set aside. The defendant’s motion alleged numerous grounds including the ground that the default judgment was contrary to the law and the evidence. The defendant complains on appeal about the denial of its motion for a new trial. The trial court was clearly wrong and manifestly in error in failing to grant a new trial on these grounds.
The default judgment was contrary to the evidence. The documentary evidence introduced by plaintiff, upon confirmation of the default judgment, showed that she was only paid on a commission basis which was contrary to her oral testimony that she was paid on a daily basis. The plaintiffs documentary evidence very clearly shows that plaintiff was only paid on a commission basis with a guaranteed monthly minimum gross pay. (See Plaintiff Exhibit 4) Plaintiff orally testified that she was paid at the rate of $35.00 per day which was clearly contradicted by her own documentary evidence. Certainly the default judgment for penalties, which was rendered on the basis of a daily wage, was contrary to the evidence presented by the plaintiff.
The judgment was also contrary to law. Where a party’s “wages” are placement commissions, which fluctuate monthly, penalties should be fixed at three months of plaintiff’s guaranteed minimum salary or draw. See Hess v. Pembo, 422 So.2d 503 (La.App. 4th Cir.1982). The trial court’s judgment fixing penalties, under the circumstances of this case, on the basis of a daily wage was contrary both to the law and the evidence.
As the majority correctly point out in their opinion the trial court’s rendition of interest on the penalties and attorney’s fees was also contrary to law as the statute (La.R.S. 23:632), does not provide for statutory interest on any award of penalties or attorney’s fees. However, rather than reversing the trial court judgment, as defendant sought by its motion for a new trial which was denied, the majority on appeal chose to amend the trial court judgment after acknowledging that the judgment rendered by the trial court was contrary to law. If the judgment which the trial court rendered was contrary to law a new trial should have been granted by the trial court and its refusal to do so on defendant’s timely motion was reversible error.
For the reasons set forth above I believe that the default judgment rendered in plaintiff’s favor was clearly contrary to the law and the evidence and that the trial court erred when it refused to grant a new trial on these grounds. I believe that the májority erred on appeal by partially amending the judgment complained of rather than setting it aside and remanding the matter to the trial court for a new trial on the grounds that the default judgment was contrary to the law and the evidence because of plaintiff’s failure to prove a prima facie case.